Judge Mills
delivered die opinion.
Tbe heirs of William M Oonnell brought ⅛-ek bill ⅛ the court below, alleging that their ancestor was oae of the original settlers in Lexington — That by the act of the Virginia legist ature establishing said town, each of the settle*® itithe village was allowed a lot or lots,to he first conveyed to them before tbe residue was -disposed of ⅛-y the trustees, —That to their aneestcrr was assigned in lot No. 19, by the trustees, or settlers, and that no conveyance had been made either to their ancestor or themselves; arid that on application to the trustees of Lexington, they bad refused to convey,.alleging “falsely” that a certain Sally Williams, Lewis Saunders ar.d John Hull claimed the lot. They then pray that the “trustees of Lexington,” without naming-them, Sally Williams, Lewis Saunders and John Hull may be made defendants, and that a conveyance may be granted, and general relief. The process was returned, executed on all except Sally Williams. After the cause had stood upon the docket a considerable time, it was discontinued as to Sally Williams, the hill taken pro eonfesso against others — the trustees were decreed to convey, and casts were decreed generally against ail the defendants. The trustees having refused to convey, a commissioner was appointed, who executed a conveyance, and a writ of bafoere facias possessionem was directed. To reverse this decree, this writ of error is prosecuted.
As to the decree for costs against Saunders and Hall, we do not perceive tbe principle on which it can be supported. The trustees having '■falselif'1 represented that Saunders, Hull and Sally Williams claimed the lot, could furnish no proper grounds fiar involving them in the contest by making them defendants, much less to decree costs against them oh account of the “false” representations-of others.
As to the trustees of Lexington, this decree ts equally untenable. They are not named, or in any manner individualized in the bill or any of tbe proceedings. They did not appear or answer; The bill makes them defendants by ibe name of “the trustees of Lexington,” and the process gives no other description. The trustees wear a fiduciary or political character, given them by the acts of assembly, and *225 for «of doing what they are bound to do in this character. they are amenable to the process of law. But we know of no rule, which will allow of their being sued wi'hout being named. A corporation can sue or be sued by its corporate napie, without otherwise,designating either the officers or individuals composing the body But the trustees of Lexington, it Will be seen by an inspection of acts of assembly regulating that town, are not incorporated, They have no corporate name, by which they can sue or be sued; and such a name is essential to the existence of a Corporation. They have no power to make, adopt, alter or change a common seal, by which their acts are to be evidenced by law, and they want many other incidents a corporate body. 1 hev therefore ought to be named indi viduallv in every suit brought by and against them, before a decree ought to be made against them. This not being done in the present case, and we not being able to discover anv rule by which this can be dispensed with; and (be decree having been rendered by default, if must be reversed with costs, and the possession restored bv awarding restitution in the court below', and the cause reinstated on the docket, with directions there to dismiss the bdl without prejudice, unless the complainants shall, in a reasonable time, so amend their bill, as to bring before tht court all the proper parties concerned in interest, so that the controversy may be fairly determined.
⅛ cor or müv°be sued iniiieir corP° ¡¡“⅛ ,⅛0⅞ individually, but in a suit must be sev-eruby nam’d